UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X        Docket No.:

DEBORAH HIRSCHBERG,

**CV-08 1611**

             Plaintiff,

    -against-

BANK OF AMERICA, N.A.,

**COMPLAINT AND JURY DEMAND**

            Defendant.

HURLEY, J.

TOMLINSON, M

FILED
'S OFFICE
.T COURT E.D.N.Y

APR 18 2008       ★

LONG ISLAND OFFICE
-----------------------------------------------------------------

Deborah Hirschberg, by her attorneys, Gabor & Gabor, as and for her Complaint and Jury

Demand, respectfully alleges as follows:

    1.    At all times relevant hereto, Plaintiff, Deborah Hirschberg, has resided at 12

Yarmouth Road, East Rockaway, New York 11518.

    2.    At all times relevant hereto, Defendant, BANK OF AMERICA, N.A., is a for

profit corporation engaged in the business of banking with its corporate offices located at 100

North Tryon Street, Charlotte, North Carolina 28255.

    3.    At all times relevant hereto, the plaintiff worked for the defendant at its branch

located at 40 Main Street, East Rockaway New York 11518.

## JURISDICTION AND VENUE

    4.    This is a civil rights action brought by Deborah Hirschberg in order to redress

multiple deprivations by the Defendant of Hirschberg's rights secured by the Age Discrimination

in Employment Act (ADEA). Jurisdiction is conferred on the Court by 28 U.S.C. 1331 and 28

U.S.C. 1343. This Court has pendent and supplemental jurisdiction pursuant to 28 U.S.C. 1367

1

based upon Hirschberg's State Law claims.

5.    Venue is based on 28 U.S.C. §1391.

## STANDING

6.    The defendant employs more than 15 persons at all times.

7.    On or about December 26, 2007, the Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, (hereinafter, "EEOC"), alleging certain violations of the ADEA.

8.    The Plaintiff received a "Right to Sue" letter from the EEOC dated February 22, 2008. This action has therefore been commenced in a timely manner.

## FACTS

9.    The plaintiff is female.

10.    The plaintiff was born on May 31, 1956, and is therefore fifty-one (51) years of age.

11.    The plaintiff was hired by the defendant in August 1976.

12.    The plaintiff's initial title was that of Teller.  She was promoted to Senior Teller.

13.    In 1979, the plaintiff became the Head Teller.

14.    In 1981, the plaintiff became the Banking Officer.

15.    In 1985, she was promoted to Assistant Manager.

16.    In or around 1995, the plaintiff was promoted to the position of Branch Manager.

17.    The responsibilities of Branch Manager include running the Branch, bringing in

2

business to the Branch, running the sales, making incentive goals and coaching the staff.

18.    The plaintiff's career proceeded smoothly and without incident until 2007.

19.    The plaintiff received good performance reviews and frequently went above and beyond for the benefit of the bank and the community.  Involvement with the community is of great benefit to the defendant.

20.    Examples of the plaintiff's involvement with the community work ethic include, but are not limited to the following:

a.    The plaintiff regularly arrived at work at 6:30 am in order to meet the demands of the job and the community;

b.    The plaintiff is the Treasurer of Kiwanis;

c.    The plaintiff has been actively involved with Kiwanis for more than ten (10) years;

d.    The plaintiff is also the Treasurer of the East Rockaway Chamber of Commerce;

e.    The plaintiff has been involved with the East Rockaway Chamber of Commerce for more than ten (10) years;

f.    The plaintiff is the Treasurer of the Village Foundation of East Rockaway. This Foundation is designed to raise funds for the community;

g.    The plaintiff is the Treasurer of the Cape Cod Homeowners Association; and

h.    The plaintiff has been involved with the Cape Cod Homeowners Association for more than twenty (20) years.

21.    In 2004, the plaintiff was chosen Outstanding Manager of the Year by her boss, Marsha Mills.  This award is given out to one (1) manager in the District. In 2004, the District

3

encompassed approximately twenty-five (25) Branches.

22.     In 2005, the plaintiff won the Spirit of Excellence award. This award is based upon reaching goals, incentives and satisfying the needs of customers.

23.     In 2006, the plaintiff was selected Business Person of the Year by the East Rockaway Chamber of Commerce.

24.     The plaintiff's problems with the defendant began after Anthony Volpicello became responsible for the Nassau County district.  Volpicello is the Consumer Market Executive.  He had previously been responsible for Suffolk County. After his transfer to Nassau County he became the plaintiff's boss.

25.     Shortly after Volpicello entered Nassau County, it became clear that he was intent on getting rid of older management.

26.     When the plaintiff was first introduced to Volpicello, as her boss, at a managers meeting, it was clear that he was much more distant than prior bosses.

27.     The defendant uses coaches to support the Branches. Chris Lynch had been the plaintiff's coach. However, he was promoted into Volpicello's position in Suffolk County.

28.     Volpicello was supposed to be the plaintiff's coach.  However, throughout the time that he worked as her boss he never provided any coaching or support of any kind.

29.     As a result, there was nobody from the Bank to support the East Rockaway Branch.

30.     From August through the time that the plaintiff's employment was terminated, Lynch's position as coach remained vacant.

31.     From August through the time that the plaintiff's employment was terminated, she

4

found Volpicello to be extremely cold with her.

32.     On October 5, 2007, the plaintiff's employment was terminated.

33.     The defendant falsely accused the plaintiff of falsifying bank documents. At no time has the plaintiff ever falsified a bank document. At no time did she ever violate Bank policy.

34.     The defendant knew that at all times the plaintiff conducted herself in a professional, competent and capable manner always with the best interests of the defendant in mind.

35.     The defendant had decided to terminate the plaintiff's employment due to her age. The defendant fabricated the issue of an alleged forged signature as an excuse to justify its actions.

36.     The defendant has a policy of progressive discipline.  According to that policy, discipline should progress from counseling to written warnings and ultimately to termination of employment.

37.     During the entire time that the plaintiff worked for the defendant, she never received any type of discipline until her employment was terminated.

38.     The defendant did not follow its policy of progressive discipline with the plaintiff.

39.     The defendant failed to take into consideration the plaintiff's length of service with the Branch and all that she did for the betterment of the Branch, the Bank and the Bank's standing within the community.

40.     The defendant has replaced the plaintiff's position with Aneta Dowlatram.  She is approximately twenty (20) years younger than the plaintiff.

41.     The defendant has also terminated another manager in Volpicello's District.  The

5

plaintiff is aware that Carol Harvey, a Branch Manager in her late 50's, was also let go. She was replaced by Larry Hall who is approximately ten (10) years younger than her.

42.    The real reason for terminating the plaintiff's employment was the desire to replace her with a younger Branch Manager. The defendant's conduct was motivated by age discrimination in violation of the Age Discrimination in Employment Act.

43.    The plaintiff obtained subsequent employment in another bank.

44.    After the plaintiff filed her complaint with the EEOC, William Cherry, the Consumer Market Manager, came into the plaintiff's bank and walked into the plaintiff's office. He had no legitimate reason to be in the bank. Cherry then proceeded to draw attention to the plaintiff by yelling at her.

45.    The plaintiff had not been with her new employer for a long time and was extremely concerned that the incident could cause her to be viewed by her new employer in an unfavorable manner.

46.    The reason for Cherry going to the plaintiff's new job was in retaliation for her complaint of age discrimination in the workplace.

47.    As a result of the defendant's actions, the plaintiff has been caused to suffer economic damage, emotional damages and damage to her reputation within the community.

## AS AND FOR A FIRST CAUSE OF ACTION
## IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

48.    Plaintiff repeats and reiterates and realleges the allegations contained in paragraphs "1" through "47" with the same force and effect as if set forth more fully herein.

49.    The defendant has discriminated against the plaintiff on the basis of plaintiff's age

6

in terminating her employment.

50.   The defendant's conduct was motivated by the plaintiff's age.

51.   The defendant has wilfully discriminated against the plaintiff with respect to

defendant's failure to allow the plaintiff to work in an environment free from discrimination in

violation of the Age Discrimination in Employment Act.

52.   But for plaintiff's age, she would not have been subjected to the hostile work

environment and been discriminated against by the defendant.

53.   As a result of the defendant's conduct, plaintiff has been damaged in the sum of

FIVE MILLION ($5,000,000.00) DOLLARS.


## AS AND FOR A SECOND CAUSE OF ACTION
## IN VIOLATION OF THE NYS EXECUTIVE LAW § 296 - AGE DISCRIMINATION

54.   Plaintiff repeats and reiterates and realleges the allegations contained in

paragraphs "1" through "53" with the same force and effect as if set forth more fully herein.

55.   The defendant has intentionally and/or willfully discriminated against the plaintiff

in terminating her employment on the basis of her age.

56.   The defendant has discriminated against the plaintiff with respect to her

employment.

57.   Said discrimination is unlawful pursuant to New York Executive Law § 296.

58.   The defendant knew or had reason to believe that the plaintiff would suffer

extreme emotional distress, anxiety and humiliation as a result of the defendant's conduct.

59.   Plaintiff has suffered severe emotional distress, anxiety and humiliation as a result

of the conduct of the defendant.

60.   As a result of the defendant's conduct, plaintiff has been damaged in the sum of

FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## RETALIATION

61.   Plaintiff repeats and reiterates and realleges the allegations contained in

paragraphs "1" through "60" with the same force and effect as if set forth more fully herein.

62.   The plaintiff filed a complaint of discrimination with the EEOC.

63.   The defendant was aware of the complaint.

64.   The defendant was aware that the plaintiff had obtained subsequent employment.

65.   William Cherry visited the plaintiff at her new job in a deliberate effort to harass

her in retaliation for her complaint of age discrimination.

66.   As a result of the defendant's conduct, plaintiff has been damaged in the sum of

FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## IN VIOLATION OF THE NYS EXECUTIVE LAW § 296 - RETALIATION

67.   Plaintiff repeats and reiterates and realleges the allegations contained in

paragraphs "1" through "66" with the same force and effect as if set forth more fully herein.

68.   The plaintiff filed a complaint of discrimination with the EEOC.

69.   The defendant was aware of the complaint.

70.   The defendant was aware that the plaintiff had obtained subsequent employment.

71.   William Cherry visited the plaintiff at her new job in a deliberate effort to harass

8

her in retaliation for her complaint of age discrimination.

72.     The defendant has intentionally and/or willfully discriminated against the plaintiff in terminating her employment on the basis of her age.

73.     As a result of the defendant's conduct, plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### JURY DEMAND

74.     Plaintiff demands a jury trial of this action.

**WHEREFORE**, plaintiff demands judgment as follows:

a)     Declaring that the actions, patterns and practices of the defendant, its agents, servants and all those acting in concert with them, constituted, and does constitute, a violation of the Age Discrimination in Employment Act; the New York State Constitution; the New York State Executive Law Section 290 et seq.,  and all applicable rules and regulations, and common law principals.

b)     Permanently enjoining the defendant, its agents, servants and all those acting in concert with them, from violating the Age Discrimination in Employment Act; the New York State Constitution; the New York State Executive Law Section 290 et seq., and all applicable rules and regulations, and common law principals.

c)     Awarding damages for economic and emotional injuries as well as interest, costs, disbursements, common law, statutory, compensatory, exemplary and punitive damages, pre-judgment interest, pecuniary and non-pecuniary damages and such other and further relief as to this Court deems just and proper; and

d)     Awarding counsel fees, costs and disbursements of this action.

9

Together with such other and further equitable relief which as to this Court may seem just

and proper.

Dated: Garden City, New York
      April 16, 2008

                        Yours etc.,

                        DAVID G. GABOR (DGG9979)
                        GABOR & GABOR
                        Attorneys for Plaintiff
                        400 Garden City Plaza
                        Suite 406
                        Garden City, New York 11530
                        (516) 248-2525

10